Prob 12A (10/16)
VAE (9/19)

**UNDER SEAL**

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Brett Anthony Amendola             Docket No. 1:12CR00116-001

### Petition on Supervised Release

COMES NOW Sherylle Gant, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Brett Anthony Amendola, who was placed on supervision by the Honorable Gerald Bruce Lee, United States District Court Judge sitting in the Court at Alexandria, Virginia, on the 15th day of March 2015, who fixed the period of supervision at 3 years, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

See Page 2.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a warrant to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

**It is hereby ORDERED** that the petition, with its attachment and arrest warrant be sealed. **It is further ORDERED** the petition, its attachment and arrest warrant shall remain sealed until the warrant is executed, at which time the petition, its attachment and warrant, should be unsealed and made part of the public record.

**ORDER OF COURT**

Considered and ordered this 15th day of November 2019 and ordered filed and made a part of the records in the above case.

_____
Liam O'Grady
United States District Court Judge

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on: 11/14/2019

_____
Sherylle Gant
U.S. Probation Officer
703-366-2131
Place Manassas, Virginia

TO CLERK'S OFFICE

**Petition on Supervised Release**
**Page 2**
**RE: Amendola, Brett Anthony**

OFFENSE: Wire Fraud, in violation of Title 18, U.S.C., Section 1343.

SENTENCE: The defendant was ordered to serve 84 months in the custody of the Bureau of Prisons, to be followed by 3 years' supervised release, and the following special conditions were imposed: 1) the defendant must participate in a program of mental health treatment and counseling, and sign a waiver of confidentiality associated with mental health treatment in order to allow the Probation Officer to communicate with the defendant's mental health provider(s) and have access to his treatment records; 2) defendant must not obtain any new lines of credit without the express, advance permission of the Probation Officer; 3) defendant must provide the probation officer with access to all requested financial information and documents within 10 days of such request; 4) in the event that restitution is not paid in full immediately, then defendant must pay restitution at the monthly rate of $150 in accordance with the Restitution Judgment with interest on restitution waived, until restitution is paid in full; 5) defendant must apply all monies from income tax refunds, lottery winnings, inheritances, judgments and any other expected or unexpected financial gains, towards his restitution obligation. The defendant was ordered to pay $2,812,355 in restitution and a $100 special assessment. The special assessment was satisfied on January 15, 2016.

ADJUSTMENT TO SUPERVISION: On October 6, 2017, the defendant was released from incarceration and his supervision commenced in the Eastern District of Virginia. He was initially supervised by former U.S. Probation Officer (USPO) Carolyn Nulf.

On November 25, 2017, the defendant appeared for a mental health evaluation at the Center for Clinical and Forensic Services, Inc. and was deemed not in need of mental health services.

On September 10, 2018, USPO Nulf submitted a petition praying that the Court would order the defendant's restitution payment of $150 per month or 25% of net income, whichever is greater, be modified to $150 per month, until paid in full, or as otherwise directed by the Court. Your Honor approved the petition.

The defendant's supervision was transferred to this officer for administrative reasons on October 14, 2018.

An annual Equifax was conducted on the defendant on February 13, 2019, and no new issues were found.

In a monthly supervision report submitted by the defendant on June 5, 2019, he reported that he had been laid off from his full-time employment as a development manager with JAPS Holding effective May 1, 2019. However, collateral contact with his former supervisor at JAPS Holding, Alex Bajger, on June 6, 2019, revealed the defendant was not laid off. Mr. Bajger related the defendant wanted more money but was unwilling to work additional hours to support an increase in his income, so he left.

This officer sent the defendant a text message on the afternoon of June 6, 2019, and directed him to report for a random drug test on June 7, 2019. He reported as directed but submitted a diluted urine specimen.

The defendant was subsequently directed to report to the probation office on June 13, 2019, at which time he was given a verbal reprimand for not being truthful about the circumstances of his unemployment and for submitting a diluted urine specimen. He submitted another urine specimen that day and it was negative for the presence of illegal substances.

Petition on Supervised Release
Page 3
RE: Amendola, Brett Anthony

The defendant was unable to afford his residence and relocated to his parents' home this summer. This officer conducted a home visit at the residence on July 17, 2019.

The defendant began new employment with Wall Street Fusion Group as a consultant earning $4,000 per month in August of this year. In an employment offer letter from Henry Wilkins, managing partner at Wall Street Fusion Group, this officer was advised that the firm was aware of the defendant's previous legal issues, felony arrest, and supervision status with this officer. Moreover, the employment offer letter stated the defendant would not have access to company financials or private client information.

The defendant filed his 2018 income taxes on November 7, 2019. Money was to be refunded to him from his federal and state income tax return. However, he owes taxes to the Internal Revenue Service (IRS) from several years ago. He was directed to apply any income tax return payments from the IRS or the Commonwealth of Virginia toward his outstanding restitution obligation.

A computerized check with OPERA on November 14, 2019, revealed the defendant is current with restitution payments through October 2019. His outstanding balance is $2,806,133.13.

The defendant's compliance with supervision is unsatisfactory due to a new arrest.

<u>VIOLATIONS</u>: The following violations are submitted for the Court's consideration.

**MANDATORY CONDITION:** **COMMISSION OF A CRIME – POSSESS WITH THE INTENT TO DISTRIBUTE MARIJUANA IN AN AMOUNT GREATER THAN 25 POUNDS AND POSSESSION OF MARIJUANA (CRIME IN THE FIRST DEGREE) AND DISTRIBUTE MARIJUANA IN THE AMOUNT GREATER THAN 1 OUNCE BUT LESS THAN 5 POUNDS (THIRD DEGREE).**

On November 12, 2019, the defendant was arrested and charged with Possess With the Intent to Distribute Marijuana in an Amount Greater Than 25 Pounds and Possession of Marijuana in the Amount Greater Than 1 Ounce But Less Than 5 Pounds in Bergen County, New Jersey. He appeared in the Central Judiciary Processing (CJP) Court on November 13, 2019, and was released on his own recognizance with special conditions to surrender his passport by November 15, 2019, and not apply for a new passport. His next court appearance is scheduled for December 12, 2019, at 9:00 a.m. at the Bergen County Justice Center in Hackensack, New Jersey.

**CONDITION 1:** **LEAVING THE JUDICIAL DISTRICT WITHOUT PERMISSION.**

On November 12, 2019, the defendant was arrested for the aforementioned charges in New Jersey. He did not obtain permission from this officer to leave the Eastern District of Virginia.

SCG/vlh

Prob 12A (10/16)
VAE (5/17)

Petition on Supervised Release
Page 3
RE: Amendola, Brett Anthony

The defendant was unable to afford his residence and relocated to his parents' home this summer. This officer conducted a home visit at the residence on July 17, 2019.

The defendant began new employment with Wall Street Fusion Group as a consultant earning $4,000 per month in August of this year. In an employment offer letter from Henry Wilkins, managing partner at Wall Street Fusion Group, this officer was advised that the firm was aware of the defendant's previous legal issues, felony arrest, and supervision status with this officer. Moreover, the employment offer letter stated the defendant would not have access to company financials or private client information.

The defendant filed his 2018 income taxes on November 7, 2019. Money was to be refunded to him from his federal and state income tax return. However, he owes taxes to the Internal Revenue Service (IRS) from several years ago. He was directed to apply any income tax return payments from the IRS or the Commonwealth of Virginia toward his outstanding restitution obligation.

A computerized check with OPERA on November 14, 2019, revealed the defendant is current with restitution payments through October 2019. His outstanding balance is $2,806,133.13.

The defendant's compliance with supervision is unsatisfactory due to a new arrest.

<u>VIOLATIONS</u>: The following violations are submitted for the Court's consideration.

**MANDATORY CONDITION:** **COMMISSION OF A CRIME – POSSESS WITH THE INTENT TO DISTRIBUTE MARIJUANA IN AN AMOUNT GREATER THAN 25 POUNDS AND POSSESSION OF MARIJUANA (CRIME IN THE FIRST DEGREE) AND DISTRIBUTE MARIJUANA IN THE AMOUNT GREATER THAN 1 OUNCE BUT LESS THAN 5 POUNDS (THIRD DEGREE).**

On November 12, 2019, the defendant was arrested and charged with Possess With the Intent to Distribute Marijuana in an Amount Greater Than 25 Pounds and Possession of Marijuana in the Amount Greater Than 1 Ounce But Less Than 5 Pounds in Bergen County, New Jersey. He appeared in the Central Judiciary Processing (CJP) Court on November 13, 2019, and was released on his own recognizance with special conditions to surrender his passport by November 15, 2019, and not apply for a new passport. His next court appearance is scheduled for December 12, 2019, at 9:00 a.m. at the Bergen County Justice Center in Hackensack, New Jersey.

**CONDITION 1:** **LEAVING THE JUDICIAL DISTRICT WITHOUT PERMISSION.**

On November 12, 2019, the defendant was arrested for the aforementioned charges in New Jersey. He did not obtain permission from this officer to leave the Eastern District of Virginia.

SCG/vlh