IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) No. 1:12-CR-116 (LO) |
| v. | ) |
| | ) |
| BRETT A. AMENDOLA, | ) |
| | ) |
| Defendant. | ) |

GOVERNMENT'S MOTION TO REVOKE
DEFENDANT'S SUPERVISED RELEASE

The United States, pursuant to 18 U.S.C. § 3583 and Rule 32.1 of the Federal Rules of Criminal Procedure, respectfully moves the Court to revoke the defendant's supervised release on the grounds that the defendant has violated several provisions of his terms of release. The defendant's violations include perpetrating a new *Ponzi* scheme of the kind for which he was previously convicted; committing bank fraud in connection with the Payroll Protection Program, which was created to assist those affected by the corona virus pandemic; lying to the Probation Officer and submitting fraudulent employment documents to her; associating with felons; the other violations that have already been raised by the Probation Officer.[1]

---

[1] On November 14, 2019, the Probation Officer filed a petition because (1) the defendant was arrested in New Jersey for possession with the intent to distribute marijuana in an amount greater than twenty-five pounds and possession of marijuana in the amount greater than one ounce but less than five pounds; and (2) the defendant left the judicial district without permission. On March 19, 2020, the Probation Officer filed an addendum to the petition, alleging that (1) although New Jersey's laboratory results indicated the THC levels were too low to classify the substance as marijuana, New Jersey nonetheless intended to bring the case because the defendant had attempted to distribute the substance to an undercover; and (2) the defendant had failed to be truthful with the Probation Officer.

For the reasons explained below, the United States respectfully requests that the Court find that the defendant has violated his terms of release, revoke the defendant's term of supervised release, impose an appropriate period of imprisonment as a sanction, and impose a new term of supervised release with additional conditions to protect past and potential victims of the defendant's fraud.

STATEMENT OF FACTS

*The Underlying Offense and Sentence*

On April 4, 2012, the defendant pled guilty to a one-count criminal information charging him with wire fraud, in violation of 18 U.S.C. § 1343. *United States v. Amendola*, 1:12-CR-00116 (E.D. Va., Apr. 4, 2012) (Lee, J.). On March 5, 2013, the Court sentenced the defendant to eighty-four months' imprisonment, three years' supervised release, and restitution in the amount of $2,812,355. On January 15, 2016, after the government's rule 35 motion, the Court reduced the defendant's term of imprisonment to sixty-three months. According to Amendola's statement of facts,

> [I]n 2010 and 2011, the defendant persuaded various investors to provide short-term funding to the defendant by telling the investors that he was attempting to purchase a golf course in Loudoun County, Virginia. Amendola explained to the investors that he was looking for short-term funding to be placed in an escrow account controlled by an attorney in Reston, Virginia (hereafter referred to as the Escrow Attorney) to show Amendola's lender for the purchase of the golf course, Incite Financial, that he had capital. The money was to be returned to the investors within a matter of days. Instead, however, Amendola diverted the investors' funds to his own use by, among other things, posing as the Escrow Attorney in email messages and telephone calls with the investors, thereby leading the investors to wire the funds to an account controlled by Amendola, not the Escrow Attorney. Amendola made similar misrepresentations to other investors to induce them to wire funds to accounts controlled by Amendola.

*Id.* (Dkt 25). In essence, the defendant's wire fraud involved a *Ponzi* scheme in which, after various lulling statements by Amendola failed, he would pay earlier victims with later investors' money.

Amendola was released from prison on or about October 6, 2017. Amendola will be on supervised release until October 5, 2020. Among the terms of Amendola's supervised release the defendant was required to:

   a. "not commit another federal, state or local crime";
   b. "not associate with any person convicted of a felony, unless granted permission to do so by the probation officer";
   c. "answer truthfully all inquiries by the probation officer";
   d. "not obtain any new lines of credit without the express, advance permission of the Probation Officer";
   e. "notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement"; and
   f. "apply all monies received from income tax refunds, lottery winnings, inheritances, judgments, and any other expected or unexpected financial gains, toward his restitution obligation."

Amendola has violated every one of these conditions.

### *Current Supervised Release Violations*

The defendant began his term of supervised release on December 6, 2017. As demonstrated by the accompanying affidavit, which was filed in support of an

application for a warrant to search Amendola's residence,[2] no sooner had Amendola been released from prison than was he up to his old tricks. As before, in many cases, Amendola simply gambled away thousands of dollars of the victims' money.

In addition to violations identified by the probation officer, the United States has become aware of additional violations that warrant revoking the defendant's supervised release. The United States is once more investigating the defendant for wire fraud, in violation of 18 U.S.C. § 1343. Most recently, the United States executed a search warrant on the defendant's residence. In reviewing the documents returned in the search warrant, the United States believes the defendant has violated multiple terms of his supervised release, including most significantly (1) committing new federal crimes; (2) failing to submit truthful reports to probation; and (3) associating with persons convicted of a felony.

The defendant's commission of new crimes is documented in the affidavit that accompanies this motion. Those violations will not be repeated here.

The defendant also has not been truthful when submitting his reports to probation. The defendant has not been truthful in his reports to probation. For instance, the defendant told the probation officer that he was employed by Ignite Beverage Inc., which was incorporated by the defendant's mother. However, the reality was that the defendant created the website and maintained control of Ignite Beverage Inc., only using his mother as a way of skirting his reporting requirements. Moreover, the employment letters and checks that the defendant provided probation from his

---

[2] *In re Search of [Redacted] Crescent Point Place*, No. 1:20-SW-980 (E.D. Va. Aug. 5, 2020) (Davis, J.) (warrant issued). The affidavit is incorporated by reference in this motion.

purported employers were to deflect from the truth. The defendant would send the Probation Officer the employment letters and checks to falsely make it appear that he was in compliance with his supervised release terms, but he never once cashed these checks.

The defendant has also been consorting with convicted felons. During the investigation, FBI agents have come across multiple email communications between the defendant and convicted felons. Additionally, many of these convicted felons were involved with the defendant in financial transactions. The defendant also used their money for himself or to pay back previous victims. Two of these felons were Paul Apostolopoulos [3] and Anthony T. Slater,[4] as discussed in the accompanying affidavit.

### THE LEGAL STANDARD

To revoke a term of supervised release, the Court is required to find a violation by a preponderance of the evidence. *See* 18 U.S.C. § 3583(e)(3); *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992). If the Court determines that the defendant violated the conditions of his release, it may (1) revoke the defendant's supervised release and impose a term of imprisonment; (2) extend the term of supervised release; and/or (3) modify the conditions of supervised release. 18 U.S.C. § 3583(e). If the Court revokes the defendant's supervised release, it may impose a new period of supervised release. 18 U.S.C. § 3583(h). The maximum length of any new period of supervised release is the maximum period of supervised release allowed by statute minus any period of incarceration. *Id.*

---

[3] On supervised release until December 15, 2021.

[4] On supervised release until April 11, 2021. Email communications show defendant was aware that Anthony S\_\_\_ is a convicted felon.

In considering what action to take, the Court must consider (1) the nature and circumstances of the offense, as well as the defendant's history and characteristics; (2) the need for adequate deterrence; (3) the need to protect the public; (4) the need to provide the defendant with training or treatment; (5) the applicable Guidelines range; (6) pertinent policy statements by the Sentencing Commission; (7) the need to avoid unwarranted sentencing disparities; and (8) the need to provide restitution to victims. *See* 18 U.S.C. §§ 3553, 3583(e).

The defendant's underlying offense is wire fraud, in violation of 18 U.S.C. § 1343—a Class B felony. *See* 18 U.S.C. § 3559(a)(2). When the underlying conviction is a Class B felony, the statutory maximum term of imprisonment for a supervised release violation is three years' imprisonment. *Id.* § 3583(e)(3). The Court may also impose an additional term of supervised release not to exceed five years, minus any term of imprisonment imposed. *Id.* § 3583(b).

The defendant has clearly not been deterred by his initial incarceration and an additional term of imprisonment is necessary to get the message home. The accompanying affidavit provides more than sufficient evidence to establish the violations cited above by a preponderance of the evidence.

CONCLUSION

For the reasons above, the United States respectfully moves the Court to (1) revoke the defendant's supervised release; (2) impose an appropriate sentence of imprisonment that will be sufficient to deter the defendant from future criminal activities and to protect current and future victims of the defendant's fraud; and (3) impose an additional term of supervised release with appropriate additional conditions of release to prevent future victimization of the public.

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

Date: September 28, 2020 By: _____/s/_____
James P. Gillis
Assistant United States Attorney
Alejandra G. Arias
Special Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 299-3980
James.P.Gillis@usdoj.gov
Alejandra.Arias2@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2020, I caused a copy of the foregoing to be filed with the Clerk of Court using the CM/ECF system, which will automatically generate a Notice of Electronic Filing (NEF) to all counsel of record.

I further certify that I emailed a copy of the foregoing to the United States Probation Officer.

_____/s/_____
James P. Gillis
Assistant United States Attorney